UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAR 13 2017

| | |
|---|---|
| JONATHAN J. PACKARD, <br><br> Plaintiff, <br><br> vs. <br><br> THE HONORABLE HOFFMAN, THE HONORABLE ZELL, <br><br> Defendants. | 4:17-CV-04021-LLP <br><br><br> ORDER DISMISSING CASE |

Plaintiff, Jonathan J. Packard, an inmate at the Minnehaha County Jail in Sioux Falls, South Dakota, filed a complaint under 42 U.S.C. § 1983 on February 16, 2017. Docket 1. Packard's sparse complaint alleges that his rights were violated because defendants did not give him a motion concerning the 180 day rule. *Id.* at 7. He requests that the court dismiss the criminal charge against him in state court. *Id.*

It appears that Packard's criminal case is ongoing. To the extent that it is, Packard's claims are dismissed under the *Younger* doctrine. "*Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591, (2013). "The *Younger* abstention doctrine provides that courts should not exercise federal jurisdiction where '(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.'" *Geier v. Missouri Ethics Comm'n*, 715 F.3d

674, 678 (8th Cir. 2013) (quoting *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010)). Federal courts may enjoin pending state court criminal proceedings only "in very unusual situations." *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998).

All three prongs of the *Younger* doctrine are satisfied. The crux of Packard's complaint concerns a seemingly ongoing state proceeding. The state has an interest in prosecuting its criminal laws. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11 (1987) (the desire to avoid undue interference with legitimate activities of states mandates application of *Younger* when the pending state proceedings are criminal). Finally, Packard has the ability to raise a due process claim, or any other constitutional claim, as a defense in the state court proceeding. "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

This court does not have the power to grant an injunction unless Packard shows that his case fits into an exception to the *Younger* doctrine: the irreparable injury exception or the bad faith or harassment exception. In *Younger*, the Supreme Court stated that "when [it is] absolutely necessary for protection of constitutional rights," a federal court may enjoin state officers from instituting criminal actions. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Federal courts have this power only when a plaintiff shows irreparable injury

that is great and immediate. *Id.* Packard has not alleged irreparable harm, and he has therefore not alleged the grounds for this *Younger* exception.

Packard does not satisfy the bad faith or harassment exception. A "bad faith and harassment" exception "is applicable when criminal prosecutions are instituted for impermissible purposes." *Lewellen v. Raff*, 843 F.2d 1112 (8th Cir. 1988). Packard does not allege bad faith or harassment.

To the extent Packard has already been convicted and seeks to invalidate that conviction, his claims are *Heck* barred. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]" a claim for damages is not cognizable under § 1983). If Packard wishes to invalidate his conviction, he must file a habeas petition in state court first, and then he may commence a federal habeas action. Both state and federal courts have statute of limitations on habeas claims.

Finally, Packard only names judges as defendants. Judges are immune from suit, including § 1983 suits, with two narrow exceptions. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). These exceptions do not apply here.

Accordingly, it is ORDERED

3

1. Packard's complaint (Docket 1) is dismissed without prejudice.
2. Packard's motion for leave to proceed in forma pauperis (Docket 2) is denied as moot.
3. Packard's motion to appoint counsel (Docket 5) is denied as moot.

Dated this 13th day of March, 2017.

BY THE COURT:

*Lawrence L. Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
             DEPUTY